CHAS. LOCKIE, Appellant, v. ROY McKEE, Appellee.

No. 43278.

 

FEBRUARY 13, 1936.

Donald S. Peter, for appellant.

Baron & Bolton, for appellee.

POWERS, J.—The petition in this case alleges that the plaintiff called at the defendant's place of business and inspected a used refrigerator which the defendant had for sale; that the plaintiff was advised by the defendant that the purchase price of the refrigerator was $50 and that such price could be paid $10 down and $10 per month until the balance was paid; that the next day the plaintiff returned to the defendant's place of business and advised the defendant that he accepted the defendant's offer and would take the refrigerator; that thereupon the defendant stated that the purchase price of $50 would have to be paid in full and refused to let the plaintiff take the refrigerator on any other basis; that the plaintiff then tendered to the defendant the sum of $10, which the defendant refused. The plaintiff alleges that the refrigerator is worth $150, and prays for a writ of replevin for the possession thereof.

The defendant filed a demurrer to this petition on the ground that the petition shows upon its face that the contract alleged therein is within the statute of frauds and unenforceable under the provisions of section 9933, Code 1931. The record further shows that a writ of replevin was issued in the case, but was not executed because the property could not be located. The trial court sustained the demurrer, and the plaintiff appealed.

Section 9933, Code 1931, is one of the sections of the Uniform Sales Act, originally adopted in this state by the Thirty-eighth General Assembly. It provides:

"A contract to sell or a sale of any goods or choses in action shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold and actually receive the same or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

It clearly appears from the petition in this case that the contract was purely oral; that there was no writing of any kind; that there was nothing paid, either as earnest money or in part payment; and, further, that there was no delivery of the goods alleged to have been purchased. Under such circumstances, it is difficult to see how it can be claimed that the contract is enforceable under the provisions of the foregoing section.

Appellant claims that, when the defendant's offer had been accepted by the plaintiff, there was a completed contract, and that title to the property sold then passed. He relies upon the provisions of section 9948, Code 1931, and particularly Rule One laid down therein, and certain decisions of this court laying down a similar rule. The difficulty is that both the Code section referred to and the cases on which appellant relies deal with enforceable contracts. They certainly cannot refer to contracts which are unenforceable. The title to property sold cannot be said to pass upon the completion of the contract of sale where the contract is within the statute of frauds and unenforceable.

While the action here, being in replevin, is not strictly an action to enforce the contract, yet it is an action to enforce a right which it is alleged grows out of the contract. Where the seller sues for the purchase price, it certainly would be an action to enforce the contract, because the contract alone is the basis of the liability. Where the buyer sues for the goods purchased, it is equally an action to enforce the contract for the same reason, no matter what the form of the action adopted may be. The right of the seller to the purchase price and the right of the buyer to the goods purchased both arise out of the contract, and the attempt to enforce either right is an attempt to enforce the contract. Since plaintiff in suing for the goods purchased was attempting to enforce a contract within the statute of frauds, the demurrer was properly sustained. The right to demur on that ground is specifically given by statute in this state. Section 11141, Code 1931.

98

The judgment of the trial court must be affirmed.—Affirmed.

DONEGAN, C. J., and all Associate Justices concur.